# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0526V
Filed: August 2, 2019
UNPUBLISHED

| | |
|---|---|
| JESSICA MISKELL,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Gary Alan Krochmal*, Law Offices of Gary A. Krochmal, PLLC, Farmington Hills, MI, for petitioner.
*Adriana Ruth Teitel*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On April 10, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following receipt of an influenza ("flu") vaccine administered on October 4, 2015. Petition at 1. On May 28, 2019, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 31.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 18, 2019, petitioner filed a motion for attorneys' fees and costs.  ECF No. 34.  Petitioner requests attorneys' fees in the amount of $16,649.50 and attorneys' costs in the amount of $1,157.97.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  ECF No. 34-3 at 2.  Thus, the total amount requested is $17,807.47.

On July 2, 2019, respondent filed a response to petitioner's motion.  ECF No. 35.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of requested fees to be appropriate for the reason listed below.

   **I.**   **Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S., at 434.

2

## II.    Attorney Fees

### A.  Hourly Rates

Petitioner requests compensation for attorney Gary Krochmal at the following ratees; $395 for time billed in 2017, $420 for time billed in 2018 and $435 for time billed in 2019. ECF No. 34 at 2.  Mr. Krochmal was previously awarded the rate of $395 by the undersigned for hours billed in 2017.  *Johnson v. Sec'y of Health & Human Servs.,* No. 15-602V, 2017 WL 4210578, (Fed. Cl. Spec. Mstr. June 26, 2017).  While the requested rates for 2018 and 2019 are within the appropriate experience range on the Court's Attorneys' Hourly Rate Fee Schedule, they are at the high end given his limited experience in the Vaccine Program.[3]  *See McCulloch v. Sec'y of Health & Human Servs.,* No. 09-293V, 2015 WL 5634323 at *17 (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).[4]  As such, the undersigned awards Mr. Krochmal's hourly rates to $395 per hour for 2017 consistent with the undersigned's reasoning and award in *Johnson*, $410 per hour for 2018 and $425 per hour for 2019. This results in a reduction of attorney's fees requested in the amount of **$181.30**.[5]

## III.   Attorney Costs

Petitioner requests reimbursement for attorney costs incurred by counsel in the amount of $1,157.97.  After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's request and awards the full amount of costs sought.

## IV.   Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $17,626.17[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Gary A. Krochmal.**

---

[3] Independent research by the court shows that Mr. Krochmal has been attorney of record in a total of 8 cases, with three of those case still pending in this court.

[4] Attorney hourly rates are set forth in the OSM Attorneys' Forum Hourly Rate Schedules for 2019 and are available on the U.S. Court of Federal Claims website at
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf

[5] This amount consists of ($420 - $410 = $10 x 8.27 hrs = $82.70) + ($435 - $425 = $10 x 9.86 hrs = $98.60) = $181.30.

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.